UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MAHMUD ABOUHALIMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00029-JPH-DLP |
| ) | |
| LOTTS, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Mahmud Abouhalima, a federal inmate, brings this action alleging that his civil rights have been violated when he was housed at the Federal Correctional Institution in Terre Haute, Indiana. Abouhalima's claims are understood to have been brought pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when the

1

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Abouhalima sues Lieutenant Lotts, Officer Alexander, Officer Sullivan, Officer Buckle, Officer Schaller, Former FCI Warden J.R. Bell, CMU Unit Manager Ms. D. Thomas, Former CMU Case Manager Clint Swift, and the Federal Bureau of Prisons (BOP). He alleges in his complaint that, on October 9, 2019, when he was on a hunger strike, defendants Lt. Lotts, Officers Alexander, Sullivan, Buckler, and Schaller used excessive force against him to compel him to submit to a medical exam. He asserts that these officers attacked him while he was in full restraints after he refused medical assessment.

Abouhalima next asserts that, in 2018, while housed in the Communication Management Unit (CMU), he was exposed to loud noises from exhaust fans. He complained about these fans to Unit Manager Thomas, Case Manger Swift, and Warden Bell. The noise caused him sleep deprivation, stress, and anxiety.

Abouhalima seeks damages and injunctive relief.

Based on the screening standard set forth above, Abouhalima's claim against Lt. Lotts, and Officers Alexander, Sullivan, Buckle, and Shaller shall proceed as excessive force claims under the Eighth Amendment.

Abouhalima's claims related to the conditions in the CMU are **dismissed** as improperly joined. Joinder of the defendants into one action is proper only "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same

2

transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances. The claims related to the conditions in the CMU do not contain similar allegations or the same defendants as Abouhalima's excessive force claim. In such a situation, "[t]he court may . . . add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Any claim against the BOP must be **dismissed**. The BOP is not a person and is also not a proper defendant under *Bivens*. *Cf. Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996) ("[T]he point of *Bivens* was to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States.").

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 26, 2021,** in which to identify those claims.

### III. Conclusion and Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Lieutenant Lotts, Officer Alexander, Officer Sullivan, Officer Buckle, and Officer Schaller. The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint, dkt. [1], and a copy of this Order, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

The claims against Unit Manager Thomas, Case Manger Swift, and Warden Bell are **dismissed** without prejudice as improperly joined.

The **clerk shall terminate** Unit Manager Thomas, Case Manger Swift, Warden Bell, and the Federal Bureau of Prisons as defendants.

**SO ORDERED.**

Date: 3/3/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MAHMUD ABOUHALIMA
28064-054
FLORENCE - ADMAX USP
FLORENCE ADMAX U.S. PENITENTIARY
Inmate Mail/Parcels
PO BOX 8500
FLORENCE, CO 81226

United States Marshal