UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MAHMUD ABOUHALIMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00029-JPH-MG |
| ) | |
| C.O. LOTZ, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff Mahmud Abouhalima has filed a motion for assistance recruiting counsel. Dkt. 50. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These

questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Plaintiff has attempted to contact multiple attorneys with requests for representation without success. He has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. He should continue his efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

In support of his motion, Plaintiff states that he has a high school diploma. He also states that English is not his first or his primary language. He can read and write English but does not easily understand legal language. He also states that he suffers from several medical conditions,

including serious issues related to his sight that require multiple medications. He states that because of his incarceration, he does not have the ability to investigate the facts of the case and that he has not received assistance from other inmates.

Plaintiff's claims are that the defendants, who are correctional officers, used excessive force against him while he was in full restraints. These facts are not complex, and Plaintiff should be familiar with them. Despite the difficulties he has identified, Plaintiff has thus far been able to describe his claims and use the Court's processes. In addition, the Court has issued an Order Setting Pretrial Schedule and Discussing Discovery in Prisoner Litigation which provides information regarding how Plaintiff may pursue discovery. If the conditions of his incarceration make it more difficult for him to meet deadlines, he may request extensions of time that are appropriate. Plaintiff is competent to litigate this case at this time.

Plaintiff's motion for assistance recruiting counsel, dkt. [50], is **denied without prejudice**. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

**SO ORDERED.**

Date: 8/16/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MAHMUD ABOUHALIMA
28064-054
FLORENCE ADMAX U.S. PENITENTIARY
Inmate Mail/Parcels
Legal Mail - Open Only in the Presence of the Inmate
PO BOX 8500
FLORENCE, CO 81226

All Electronically Registered Counsel