UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MAHMUD ABOUHALIMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-00029-JPH-MG |
| | ) | |
| LOTZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

**I.     INTRODUCTION**

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and 5 U.S.C. § 522a(b)(1), and consistent with relevant Seventh Circuit standards, *see, e.g.*, *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999), and for good cause shown, the Court enters the following Protective Order.  This Protective Order shall govern the disclosure of documents and information that Plaintiff, Mahmud Abouhalima ("Plaintiff"), and Defendants, J. Lotz, S. Alexander, S. Sullivan, R. Buckles, and T. Schaller, in their individual capacities ("Defendants," and, together with Abouhalima, the "parties"), exchange during this action.  Some of the referenced information may contain information that implicates security and safety concerns or is subject to the restrictions of the Privacy Act of 1974 (the "Privacy Act"), 5 U.S.C. § 552a.  This Protective Order is entered to permit the parties to discover and use throughout this proceeding information relevant to the subject matter of this case without creating any undue security or safety risks or undermining the legislative purposes of the Privacy Act.  The Court specifically finds that good cause exists for the entry of this Protective Order and that, by this Protective

Order, the United States and the BOP are relieved of any obligation under 5 U.S.C. § 552a(e)(8) to provide notice of disclosure to any individual.

## II. SCOPE OF PROTECTED INFORMATION

In the course of discovery in this action, the parties may be required to produce information that that could cause harm to the producing party, the receiving party, or a non-party if disclosed without protection. Defendants anticipate production of the following categories of protected information:

a. Non-privileged materials, including videos and audio recordings, related to the internal investigation of the allegations in the Complaint that contain information whose disclosure could impact the safety and security of the institution, Plaintiff, or third parties, including current and former BOP personnel or inmates currently or formerly housed by the BOP; and

b. Non-public medical or personnel records protected by the Privacy Act, the disclosure of which could invade the privacy of individuals.

## III. DESIGNATION OF PROTECTED INFORMATION

A. <u>Scope:</u> This Order governs the production and handling of any protected information in this action. Any party or non-party who produces protected information in this action may designate it as "Confidential," "Confidential View Only,"[1] or "Attorneys' Eyes Only" consistent with the terms of this Protective Order. "Designating Party" means the party or non-party who so designates the protected information; "Receiving Party" means the party or non-party to whom such information was produced or disclosed. Whenever possible, the Designating Party must designate only those portions of a document, deposition, transcript, or

---

[1] "Confidential View Only" is defined in Section V.C. below.

other material that contain the protected information and refrain from designating entire documents. Regardless of any designations made hereunder, the Designating Party is not otherwise restricted from use or disclosure of its protected information outside of this action. In addition, any party may move to modify or seek other relief from any of the terms of this Order if it has first tried in writing and in good faith to resolve its needs or disputes with the other party(ies) pursuant to the terms of this Order and S.D. Ind. L.R. 37-1.

  B. <u>Application to Non-Parties</u>: Before a non-party is given copies of designated information as permitted hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; if it fails to do so, the parties to this action must resolve any such dispute before making disclosure of designated information as permitted hereunder to the non-party. If a non-party wishes to make designations hereunder, it must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>.

  C. <u>Timing and Provisional Protection:</u> Designations may be made at any time. To avoid potential waiver of protection hereunder, the Designating Party should designate information at the time of production or disclosure, including on the record during the taking of any testimony. Deposition testimony will be deemed provisionally protected for a period of 30 days after the transcript is released to the parties by the court reporter, although the parties may agree at any time to different timelines of provisional protection of information as Confidential, Confidential View Only, or Attorneys' Eyes Only as part of one or more specific depositions. To retain any designations beyond the provisional period, a Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies of the transcripts.

D. <u>Manner of Designation:</u> Information may be designated hereunder in any reasonable manner or method that notifies the Receiving Party of the designation level and identifies with specificity the information to which the designation applies. If made verbally, the Designating Party must promptly confirm in writing the designation. Whenever possible, the Designating Party should stamp, affix, or embed a legend of "CONFIDENTIAL," "CONFIDENTIAL VIEW ONLY," or "ATTORNEYS' EYES ONLY" on each designated page of the document or electronic image.

IV. **CHALLENGES TO DESIGNATED INFORMATION**

In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to S.D. Ind. L.R. 37-1. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

V. **LIMITED ACCESS/USE OF PROTECTED INFORMATION**

A. <u>Restricted Use:</u> Information that is produced or exchanged in the course of this action and designated under this Order may be used solely for the preparation, trial, and any appeal of this action, as well as related settlement negotiations, and for no other purpose, without

the written consent of the Designating Party. No designated information may be disclosed to any person except in accordance with the terms of this Order. All persons in possession of designated information agree to exercise reasonable care with regard to the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Receiving Party providing to the Designating Party prompt notice of the receipt of any subpoena that seeks production or disclosure of any designated information and consulting with the Designating Party before responding to the subpoena. Any use or disclosure of Confidential, Confidential View Only, or Attorneys' Eyes Only information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

      B.    <u>Access to "Confidential" Information</u>:  The parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;
2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;
3. The parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;
4. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; and

    5. Other witnesses or persons with the Designating Party's consent or by court order.

  C. <u>Access to "Confidential View Only" Designations:</u> Given the security or privacy concerns implicated, the parties and all persons subject to this Order agree that information designated as "CONFIDENTIAL VIEW ONLY" may only be accessed or reviewed by the following:

    1. The Court, its personnel, and court reporters;

    2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

    3. Plaintiff and the agents, officers or employees of Defendants, but only to the extent necessary for each party's attorneys to advise and consult with the party for purposes of this action, provided that the disclosure is made in the presence of the attorney, and the individual is not permitted to retain any copies of the information designated as "Confidential View Only." Before any disclosure of information designated as "Confidential View Only," the party to which the information is disclosed must first sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>. Documents or tangible things designated as "Confidential View Only" shall be kept in a file maintained in confidence by the attorney(s) for the party to whom such documents are produced and shall not be produced to Plaintiff. Under no circumstances will Plaintiff, an incarcerated individual, be permitted to possess or copy any information designated as "Confidential View Only." Beyond discussions with any future counsel, Plaintiff is further prohibited

6

from disseminating, communicating to anyone, posting on any social medica site or other Internet site, or using outside of this litigation information designated as "Confidential View Only." Any information designated as "Confidential View Only" that is produced to Plaintiff while he is proceeding *pro se* will be produced to the appropriate BOP personnel and held in Plaintiff's file for "Confidential View Only" access.

4. Experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; and

5. Other witnesses or persons with the Designating Party's consent or by court order.

D. <u>Access to "Attorneys' Eyes Only" Designations:</u>[2] The parties and all persons subject to this Order agree that information designated as "ATTORNEYS' EYES ONLY" may only be accessed or reviewed by the following:

1. The Court, its personnel, and court reporters;

2. Counsel of record for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder;

3. The following representatives for each party, who must also sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>:

---

[2] Abouhalima is currently proceeding *pro se*. The "Attorneys' Eyes Only" designation will become available for use only if Abouhalima should obtain counsel in the future.

      a.  For Plaintiff:  none at this time;

      b.  For Defendants:  none at this time other than employees of the United States who assist counsel of record in this action, all of whom must sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>;

4. Experts or consultants employed by the parties or their counsel for purposes of this action to the extent necessary to prepare for and/or render an opinion in this action, so long as each such expert or consultant also sign the acknowledgment to be bound to these terms that is attached hereto as <u>Exhibit A</u>; and

5. Other witnesses or persons to whom the Designating Party agrees in advance of disclosure or who may be identified and authorized by court order.

    E.    <u>Review of Witness Acknowledgments:</u>  At any time and for any purpose, including to monitor compliance with the terms hereof, any Designating Party may demand to review all copies of Exhibit A in any Receiving Party's possession.  The Receiving Party must, within three business days of the demand, provide all such copies to the Designating Party making the demand.  Notwithstanding the foregoing, if the Receiving Party has retained an expert whose identity has not yet been disclosed to the Designating Party, the Receiving Party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts.  If a Receiving Party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the Designating Party.  However, if the Designating Party provides to the

Court evidence of breach of this Order via unauthorized leak of designated information, the Court may require an *in camera* production of all acknowledgments held by a Receiving Party in order to determine breach and consider enforcement of this Order.

  F. <u>Non-Waiver Effect of Designations</u>:  Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

  G. <u>In-Court Use of Designated Information</u>:  If information designated pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering party must give advance notice to the party or non-party that designated that information prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion *in limine*.

 Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

**VI. CLAW-BACK REQUESTS**

  A. <u>Failure to Make Designation</u>:  If, at any time, a party or non-party discovers that it produced or disclosed protected information without designation, it may promptly notify the Receiving Party and identify with particularity the information to be designated and the level of designation (the "Claw-Back Notification").  The Receiving Party may then request substitute production of the newly-designated information.  Within 30 days of receiving the Claw-Back Notification, the Receiving Party must (1) certify to the Designating Party it has appropriately

marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the Receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the Receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistently with the Receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

      B.     <u>Inadvertent Production of Privileged Information:</u>  If, at any time, a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client, work-product, or trial-preparation privileges, then it must promptly notify each Receiving Party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5).  Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection.  The Receiving Party must thereupon comply with Fed. R. Civ. P. 26(b)(5) as to the information subject to the claimed protection.  The parties must also comply with S.D. Ind. L.R. 37-1 before seeking Court intervention to resolve any related dispute.

## VII.    DURATION/CONTINUED RESTRICTIONS

      A.     <u>Handling of Designated Information Upon Conclusion of Action:</u>  Upon conclusion of this action, including all appeals, the Designating Party(ies) is/are responsible for ensuring that any party or person to whom the party shared or disclosed designated information in this action returns or destroys all of its copies, regardless of the medium in which it was stored.  Within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal, the Receiving Party(ies) must certify to each Designating Party that all designated

information hereunder has been destroyed by all parties and witnesses for whom that party is responsible. No witness or party may retain designated information that it received from any other party or non-party under this Order; only counsel of record are the authorized agents who may retain one copy for their respective legal files, and who must also describe to the Designating Party the extra steps taken to seal its legal file containing paper and/or electronic copies of the designated information so that it is not accessed, used, or disclosed inconsistently with the obligations under this Order. This provision does not apply to the Court or Court staff.

      B.      <u>Continued Restrictions Under this Order</u>: The restrictions on disclosure and use of confidential information survive the conclusion of this action.

## VIII. REQUESTS TO SEAL

This protective order does not authorize a party to file or maintain a document under seal. Any party that seeks to file any document, or any portion of a document, under seal, and any party that opposes its maintenance under seal, must comply with S.D. Ind. L.R. 5-11.

## IX. PROTECTIONS FOR INFORMATION PROTECTED BY THE PRIVACY ACT

This is an action brought pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). The Court's Order Setting Pretrial Schedule and Discussing Discovery in Prisoner Litigation (the "Pretrial Order" (Filing No. 48)) may require, and Plaintiff may seek, disclosure of information which is subject to the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act").

To permit the parties to discover and use throughout this proceeding all information relevant to the subject matter of this case without making this information public and thus undermining the legislative purpose of the Privacy Act, the Court issues the following directives pursuant to 5 U.S.C. § 552a(b)(11), which will enable disclosure of certain information pursuant to a court order and Rule 26(c) of the Federal Rules of Civil Procedure.

The protections entered in this order as to information covered by the Privacy Act (the "Privacy Act Protections") are entered for the purpose of protecting the rights of privacy of past and present employees of the Bureau of Prisons and persons who are or were in the custody of the Bureau of Prisons. The Privacy Act Protections govern the production and use both of all documents and information that Defendants may object to producing in response to discovery requests on Privacy Act grounds, and of all documents and information that are otherwise subject to the Privacy Act.

The Privacy Act Protections permit Defendants to review and disclose covered items to any party and their counsel in the course of this action under the conditions set forth herein.

Such records may be designated "Confidential," "Confidential View Only," or "Attorney Eyes' Only" as set out in the foregoing Protective Order, including, but not limited to, Part V, and disclosure and use of any materials so designated will be subject to all restrictions set out in the Protective Order. Parties or attorneys to whom disclosures are made shall not disclose any of the documents or information produced subject to this Order to any person unless the disclosure is reasonably and in good faith calculated to aid in the preparation and/or prosecution of this specific legal action. Attorneys to whom disclosure is made shall ensure that any person to whom disclosure may be made pursuant to these Privacy Act Protections shall, prior to such disclosure, have read, understood, and acknowledged in writing his/her agreement to be bound by this Protective Order, using the Agreement to be Bound by Protective Order attached as Exhibit A. Parties or attorneys to whom disclosure is made shall be permitted to obtain a reasonable number of copies of the documents or information produced subject to this Protective Order. No further copies shall be made without further order of the Court except as may be

required as attachments to pleadings filed with the Court, or as otherwise needed as an exhibit in this action.

The sole purposes for which the disclosure of the documents and information is being made is to prepare for, prosecute, and defend this litigation. Moreover, this Protective Order recognizes that any party, as well as any interested member of the public, may challenge the sealing of particular documents; however, Defendants do not waive any objections to such a challenge as may be available under the Privacy Act or any other appropriate federal statute.

By producing documents subject to this Protective Order, Defendants do not waive any objections to any future use of these documents that may be made or proposed by any party, either at trial or in any other proceeding.

Upon conclusion of this action (including any appeals), all copies of documents, including discs and other electronically stored media, released by Defendants under this Protective Order, excepting exhibits entered into evidence, shall be returned within 30 days, to counsel for Defendants. Plaintiff is directed and required not to retain any documents released under this Protective Order, including those stored electronically, such as in a .pdf document, after this action concludes.

Nothing in this Protective Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or liability for payment of any costs for production or reproduction of documents nor does the Protective Order constitute a waiver by Defendants of any right to object to discovery or admission into evidence of any document or record subject to this Protective Order.

APPROVED AND SO ORDERED this _____ day of _____, 2021.

_____
Judge, United States District Court
Southern District of Indiana, Indianapolis Division

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system.

Service on the following individual in the traditional paper manner, via first class U.S. Mail:

Mahmud Abouhalima
Reg. No. 28064-054
FLORENCE – ADMAX USP
FLORENCE ADMAX U.S. PENITENTIARY
Inmate Mail/Parcels – Open Only in the Presence of the Inmate
P.O. Box 8500
Florence, CO 81226

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MAHMUD ABOUHALIMA,           )<br>                              )<br>     Plaintiff,              )<br>                              )<br>     v.                       )<br>                              )<br>LOTZ, *et al.*,              )<br>                              )<br>     Defendants.              )   | Case No. 2:21-cv-00029-JPH-DLP |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned acknowledges having been provided with and having read the "Stipulated Protective Order and Privacy Act Protective Order" in this matter ("Protective Order"). The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

_____
Printed Name

DATED:       _____

15