FILED
04/04/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN District of INDIANA

JUDGE = MARIO GARCIA

Abouhalima,
    Plaintiff

Lotz, et al,
    Defendant

No. 2:21-CV-00029 JPH-MG

MOTION FOR Emergency Motion For Speedy Amendment or in the Alternative Motion For Reconsideration of Ruling on ECF No. 77

Date of Hearing: _____
Time of Hearing: _____
Courtroom No. _____

**Relief Sought**

Plaintiff, Mahmud Abouhalima, Pro se Prisoner, submit this "Emergency Motion For Speedy Amendment," or in the Alternative "Motion For Reconsideration on Ruling on ECF No. 77 and in support states the following:

090        1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# DECLARATION

I, Mahmud Abouhalima, the Plaintiff, declare under penalty of perjury that the following facts alleged in this Motion, Parts (I) – (II), are True and correct.

## (I) Procedural History and Relevant Facts:

On 12/8/2021, Pursuant to the "Prison Mailbox Rule" Plaintiff filed his Motion To Compel, ECF No. 77. On 1/26/2022, Defendants filed their Response. (Defs: Resp. In opp'n To Pl's Mot. To Compel, ECF No. 96). On 2/9/2022 Plaintiff filed his Reply pursuant to the "Prison Mailbox Rule". (Reply To ECF No. 96, ECF No. 100). On 3/24/022 Plaintiff received Defendants' Responses to Plaintiff's 6th set of Requests For Production. (emphasis added)

## (II) Recent Evidence on SIS Lt. Baker's Investigation:

(a) SIS Lt. Baker admitted to conducting investigation:
On 10/9/2019, Plaintiff told his CMU unit team, hours after the assault, that he was beaten. (First Am. Compl. #41). Plaintiff unit team called and brought SIS Lt. Baker who conducted an investigation. Id # 41-43. On 10/10/2019, Plaintiff submitted to his CMU unit team a written statement of the assault; also, the CMU forwarded that allegation to Dr. Trueblood. EX. 1 (containing DEFS 1283 – 1286, e.mail and attachment of allegation). This occurred at 1:37 Pm on 10/10/2019. supra at DEFS 1283.

The CMU unit team also alerted SIS Lt. Baker at 1:35 pm on the same day, to which SIS Lt. Baker replied "I interviewed him yesterday regarding this." EX. 2 (containing DEFS 1271). Note

2

how the "subject" bar contains the attachment's identifying information whilst also stating, "staff allegation." Compare Ex. 2, with Ex. 1 at DEFS 1289, 1284.

(III) Relief:

Because this is even clearer evidence in support of plaintiff's motion to Compel (II)(c), ECF No. 77 (SIS Lt. Baker arguments) that clearly contradicts Defendants response that, "SIS Lt. Baker did not investigate Abouhalima's allegations against Defendants," Id. (quoting Defendants Responses), and because plaintiff only recently received this new evidence on 3/24/2022, I move this court to:

(1) Allow Plaintiff to amend his motion to Compel or his Reply to include this evidence; or
(2) IF the court has already ruled on the Predicate Motions, to construe this as a Motion For Reconsideration under Fed. R. Civ. P. 59(e) on the basis of newly discovered evidence, e.g., Oto v. Metro Life Ins. Co., 224 F.3d 601 (7th cir. 2000); Bank of Waunakee v. Rochester chese saks, Inc, 906 F.2d 1185 (7th cir. 1990)
or (3) Any other just and appropriate relief like compelling production of SIS Lt. Baker investigative work product.

U.S. Penitentiary - Max
PO Box 8500
Florence, CO 81226

Mahmud Abouhalima
Abouhalima
Executed on 3/28/2022